In the Matter of the Application of the IROQUOIS GAS CORPORATION, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, Head of the State Division of the Department of Public Service of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.

Third Department, July 2, 1937.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Daniel J. Kenefick* of counsel], for Iroquois Gas Corporation, petitioner.

*Gay H. Brown, Counsel to Public Service Commission* [*Laurence J. Olmsted* of counsel], for the defendants.

HILL, P. J. Petitioner is a New York State corporation engaged in producing gas which it distributes in Buffalo and the surrounding cities and villages. It also distributes gas produced by United

Natural Gas Company, a Pennsylvania corporation. Each company is wholly owned by the National Fuel Gas Company. By the order appealed from, the Public Service Commission directed the Iroquois Company to carry in its accounts and to report the receipts from gas produced by the United Company and delivered to the Iroquois as receipts from the sale of gas purchased from the United. The terms of the contract between these companies make the transaction one of agency, the Iroquois acting for the principal, the United.

From the briefs the real issue seems to be a secret. No disclosure is made as to why the Commission is interested in having the accounts and reports indicate a sale, or why the company so strenuously objects to making the entries. No showing is made by the company that financial loss will result to it by observing the order. In determining the real relation, the language of a contract between two wholly owned subsidiaries of one holding company is of much less importance than the facts surrounding the transaction. It is hardly to be assumed that the Commission has made this order for the purpose of marching the Iroquois up the hill and then to march it down again. Rather I would assume that the Commission believes the transaction to be a purchase and sale, and that the written contract indicating agency would befuddle the issue in a proceeding to fix a fair and reasonable rate to be charged consumers. Separate corporations, with common stock ownership, should not be treated as individual entities if thereby reasonable regulation is hampered.

The determination should be confirmed.

RHODES, BLISS and HEFFERNAN, JJ., concur; CRAPSER, J., dissents, with an opinion.

CRAPSER, J. (dissenting). The Iroquois Gas Corporation is a domestic corporation engaged in producing, purchasing, transporting, and distributing natural and manufactured gas and serving consumers in the cities of Buffalo and Lackawanna and in many villages and towns in adjoining counties. The United Natural Gas Corporation is a Pennsylvania corporation engaged in the business of producing and distributing natural gas from gas fields located in Pennsylvania.

The United Natural Gas Corporation formerly constructed, owned and operated transmission pipe lines between the city of Buffalo and its Pennsylvania gas fields. In May, 1911, the United Natural Gas Corporation organized the petitioner to take over all of its properties located in the State of New York. In June,

1912, an order was granted by the Public Service Commission permitting the transfer of all the properties of the United Natural Gas Company in New York State to the Iroquois Gas Corporation which latter company commenced operations in New York State on July 1, 1912. Since that date the United Natural Gas Corporation has not operated gas properties in the State of New York.

It is conceded that the United Natural Gas Company of Pennsylvania and the Iroquois Gas Corporation are affiliated companies within the meaning of section 110 of the Public Service Law. The stock of each company is owned by the National Fuel Gas Company. Each corporation has separate officers and boards of directors with the exception of one director in common.

On January 10, 1935, the Iroquois Gas Corporation entered into a certain agreement with the United Natural Gas Company, which agreement was duly and regularly filed with the Public Service Commission. Thereafter and on the 25th day of June, 1935, the Public Service Commission instituted a proceeding upon its own motion for the purpose of determining whether the expenditures and receipts incurred or received under this contract, known as special contract No. 4, were charged or credited to the proper accounts as provided by the provisions of the uniform system of accounts for gas corporations promulgated by the Public Service Commission. The Commission also desired to ascertain whether the relationship between the two companies was in fact that of principal and agent as stated in the contract or whether in reality the relationship between the parties is that of seller and purchaser.

The contract is dated January 10, 1935, between the United Natural Gas Company, a Pennsylvania corporation, and the Iroquois Gas Corporation, a New York corporation.

It recites that the Iroquois Gas Corporation has been receiving natural gas from the United Natural Gas Company and distributing and selling such gas for the United Company under an agreement dated November 13, 1920, as subsequently amended, and that the parties are desirous of continuing their contractual arrangement upon the terms and conditions therein set forth and of terminating the said agreement of November 13, 1920.

The contract then provides that the United Company, after supplying its own customers in Pennsylvania and Ohio, agreed to furnish and deliver to the extent of its ability to the Iroquois Company " for distribution and sale to consumers of the Iroquois Company for the account of the United Company, all the natural gas which the Iroquois Company shall require beyond the amount the Iroquois Company produces and purchases in the State of New York " and the Iroquois Company " agrees to receive, dis-

tribute and sell such gas under the conditions hereinafter set forth."

The United Company agreed to keep and maintain its wells and lines and other apparatus in such condition as to be prepared to furnish the Iroquois Company sufficient gas to meet any deficiencies or shortages in the supply received by the Iroquois Company from other sources.

The gas is to be measured by meters installed and maintained at the sole expense of the United Company and operated at the joint expense of the two companies, and to be located at the Lewis Run Station of the United Company, and the point of delivery shall be the State line between New York and Pennsylvania where the mains of the United Company meet the mains of the Iroquois Company.

The United Company agrees on or before the tenth of each month to furnish the Iroquois Company a statement showing the total amount of gas furnished by the United Company to the Iroquois Company " during the period from the fifteenth day of the second preceding month to and including the fifteenth day of the first preceding month." Such statement shall be known as the " delivery statement " for the preceding month. The Iroquois Company agrees on or before the twentieth of each month to furnish to the United Company a statement to be known as the " sales statement " for the preceding month " showing the total amount of such gas distributed and sold by the Iroquois Company for the account of the United Company, and at the same time the Iroquois Company will account for and pay over to the United Company from the proceeds of the sale of the gas so distributed and sold a sum computed as follows:

" 50¢ per 1000 cubic feet for the first 150,000 M. C. F. of gas shown on any such sales statement.

" 48¢ per 1000 cubic feet for the next 150,000 M. C. F. of gas shown on any such sales statement.

" 46¢ per 1000 cubic feet for the next 150,000 M. C. F. of gas shown on any such sales statement.

" 43¢ per 1000 cubic feet for all over a total of 450,000 M. C. F. of gas shown on any such sales statement."

The contract also provided that " the Iroquois Company is entitled to retain, and shall retain, the difference between the amount so paid over to the United Company and the amount received by the Iroquois Company as the proceeds from the sale of such gas as commission for the services of the Iroquois Company in distributing and selling such gas."

The contract finally provides that " This agreement shall apply to all gas delivered and received· on and after December 16, 1934,

and may be terminated by either party on ninety (90) days' written notice to the other."

The Iroquois Company and not the United Company owns and exercises the municipal franchises in this State under which gas is distributed and has filed the tariffs under which gas is sold to consumers in New York.

The Iroquois consumers who receive gas delivered by the United Company to the Iroquois cannot be distinquished from those receiving gas purchased or manufactured by the Iroquois.

The accounting entries made by the petitioner and appellant to reflect the transactions pursuant to this contract were based on the premises that the contract constituted an agency agreement.

After hearings duly held the Public Service Commission held that the contract was not an agency agreement between the parties but was a contract for the purchase and sale of gas. It further determined that the accounting practices of the Iroquois Gas Corporation for gas received from the natural gas company were incorrect and did not properly reflect the transactions between the parties.

The Public Service Commission's order requires the Iroquois Company to treat the contract with the United Company as a contract to purchase the gas and to enter in its accounts the entire proceeds of the sale of such gas to its consumers as a revenue to the Iroquois Company and to enter into its accounts of operating expenses the portion of proceeds for the sale of gas remitted to the United Company pursuant to the provisions of the contract.

The portion of the proceeds for the sale of the gas remitted to the United Company is not a revenue of the Iroquois Company and is not an expense of the Iroquois Company.

The contract provided that the Iroquois Company was to sell as agent for the United Company the gas delivered to it and to remit for the gas sold to the United Company a certain price per thousand cubic feet and under the contract the commission of the Iroquois Company was to be the amount that the Iroquois Company could get for the gas over what it was to remit to the United Company.

I believe that this contract is an agency agreement and not a contract for the purchase and sale of gas.

The United Company delivered its gas to the Iroquois Company to sell; the Iroquois Company was engaged in the business of selling gas and was to receive compensation for its services. The Iroquois Company had actual or constructive possession of the gas which was necessary in order that it might sell the same and give validity

to any contract made by it with other persons for the sale or disposition of the same.

Commissions constitute an ordinary method in which the remuneration of factors is provided; the compensation may be provided for by allowing the factor to retain the excess of the proceeds over a specified price.

All of the elements of the relation of principal and factor were contained within the terms of the contract and the manner of dealing between the two companies. (25 C. J. 342; Pers. Prop. Law, § 43.)

Under subdivision 9 of section 66 of the Public Service Law the Commission has " power to examine the accounts, books, contracts, records, documents and papers of any such corporation, person or municipality, and have power, after hearing, to prescribe by order the accounts in which particular outlays and receipts shall be entered, charged or credited."

No power has been conferred upon the Public Service Commission to invalidate this contract or to change it from an agency agreement to a contract for the purchase and sale of gas. The Commission had no power to compel the Iroquois Company to enter in its accounts the entire proceeds of the sale of the gas received from the United Company to its consumers as revenue and to enter in its account of operating expenses the portion of the proceeds of the sale of gas remitted to the United Company pursuant to the provisions of the contract.

There would be no question of the right of the Public Service Commission to require the petitioner and appellant to make the entries in its books and records directed by the order reviewed herein if the contract between the United Company and the Iroquois Company was one of purchase and sale.

The order and decision of the Public Service Commission should be annulled, with fifty dollars costs.

Determination confirmed, with fifty dollars costs and disbursements.